UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                      File No.  1:07-CV-358

v.

                                      HON. ROBERT HOLMES BELL

REAL PROPERTY COMMONLY KNOWN
AS 901 CALIFORNIA STREET, N.W.,
GRAND RAPIDS, MICHIGAN, KENT
COUNTY, TOGETHER WITH ALL
IMPROVEMENTS, FIXTURES AND
APPURTENANCES THEREON,

       Defendant.

_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's July 31, 2007, motion to strike the claim filed by Claimant Maria Quintino in this civil forfeiture action.  Claimant filed a verified claim on June 1, 2007, but failed to file an answer within twenty (20) days as required by Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 983(a)(4).

Claimant filed a response to the motion to strike on August 6, 2007.  Claimant does not deny that she received notice of the time period for filing an answer nor does she deny that she has failed to file an answer.  Instead, she contends that her attorney attempted to file both her answer and her verified claim through the Court's electronic filing system on

May 31, 2007, but he inadvertently transmitted a second copy of the verified claim rather than the answer, and was not aware of the error until he received a copy of the government's motion to strike.  Claimant accordingly requests that the government's motion to strike be denied and that she be permitted a short extension of time in which to re-file her answer.

Courts have held claimants to strict compliance with Rule C(6), the predecessor provision to Rule G(5)(b). *United States v. One Assortment of Eighty-Nine Firearms and Six Hundred and Thirty-Eight Rounds of Ammunition*, 846 F.2d 24, 26 (6th Cir. 1988) (citing cases discussing former Rule C(6)); *United States v. Thirty-Five Firearms*, No. 04-1452, 123 F. App'x. 204, 205 (6th Cir. Feb. 15, 2005) (unpublished) (affirming judgment of forfeiture by default where claimant filed an answer but failed to timely file a verified claim); *United States v. Amiel,* 995 F.2d 367, 371 (2d Cir. 1993) (noting that strict compliance with Rule C(6) is "typically required").  However, courts have also confirmed that district courts have some discretion to permit extensions of deadlines under the Supplemental Rules.  *See, e.g.*, *One Assortment*, 846 F.2d at 27 (excusing noncompliance with the rules, when the noncompliance was the result of reliance on government's actions); *United States v. $125,938.62*, 370 F.3d 1325, 1329 (11th Cir. 2004) ("[T]he court may exercise its discretion by extending the time for the filing of a verified claim."); *Amiel*, 995 F.2d at 371 ("[A] court has discretion in appropriate circumstances to depart from the strict compliance standard."); *United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 563 (7th Cir. 1988) (finding that district court abused its discretion by denying an extension of time to file

2

a claim where the claimants made a good-faith effort to file a claim and the government did

not show that it was prejudiced).  Among the factors courts should consider in determining

whether to exercise its discretion to extend deadlines include:

> the time the claimant became aware of the seizure, whether the Government
> encouraged the delay, the reasons proffered for the delay, whether the claimant
> had advised the court and the Government of his interest in defendant before
> the claim deadline, whether the Government would be prejudiced by allowing
> the late filing, the sufficiency of the answer in meeting the basic requirements
> of a verified claim, and whether the claimant timely petitioned for an
> enlargement of time.

*United States v. $125,938.62*, 370 F.3d at 1329 (quoting *United States v. One (1) 1979*

*Mercedes 450SE*, 651 F. Supp. 351, 353 (S.D. Fla. 1987)).

It appears in this case that Claimant attempted to file an answer together with her

verified claim, but that due to her counsel's inadvertent error, the answer was not filed.

Claimant did respond promptly to the government's motion to strike.  Although Claimant

should have attached a copy of her proposed answer to that response, she failed to do so.

Nevertheless, it appears to the Court that the errors in this case are attributable to counsel

rather than to Claimant, that the errors were inadvertent, that the government was aware of

Claimant's verified claim, and that the government will not suffer any prejudice if Claimant

is granted a short period of time in which to file her answer.  Accordingly,

**IT IS HEREBY ORDERED** that the government's motion to strike claim

(Docket # 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Claimant shall have seven (7) days from the date of this order to file her answer to the forfeiture complaint.

Date:     October 25, 2007           /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE